UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KAREN D. METTENBERGER,** | ) | Case No. 4:07 CV 01832 |
| | ) | |
| Plaintiff, | ) | **JUDGE KATHLEEN O'MALLEY** |
| | ) | |
| v. | ) | |
| | ) | <u>ORDER</u> |
| **COMMISSIONER** | ) | |
| **OF SOCIAL SECURITY** | ) | |
| | ) | |
| Defendant. | ) | |

This is an action for judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") denying the application of Plaintiff, Karen D. Mettenberger ("Mettenberger" or "Plaintiff"), for a Period of Disability ("POD") and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. On May 16, 2006, Administrative Law Judge ("ALJ") Robert S. Habermann denied Mettenberger's disability claim and determined that Mettenberger was not entitled to a POD and DIB because the record did not reflect a degree of functional limitation prior to her date last insured to support a finding of disability. On May 14, 2007, the Appeals Council denied Mettenberger's request for review.

On June 20, 2007, Mettenberger filed a Complaint (Doc. 1) seeking review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). On June 26, 2007, the case was referred to Magistrate Judge Nancy A. Vecchiarelli for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b). On March 27, 2008, the Magistrate Judge issued a R&R (Doc. 18) recommending that the decision of the Commissioner, denying Mettenberger's application for benefits, be affirmed. On April 7, 2008, Mettenberger filed Objections to the Magistrate Judge's R&R (Doc. 19). On April 21, 2008, the Commissioner filed a Reply to Mettenberger's Objections (Doc. 20). Upon review,

the Court finds Mettenberger's objections are not well-taken and, for the reasons outlined herein, **ADOPTS** the Magistrate Judge's R&R and **AFFIRMS** the decision of the Commissioner.

I. **BACKGROUND**

The relevant factual and procedural background is sufficiently detailed in the Magistrate Judge's R&R (Doc. 18). There is no suggestion in either Mettenberger's Objections to the Magistrate Judge's R&R (Doc. 19) or the Commissioner's Reply to Mettenberger's Objections (Doc. 20) that there are any inaccuracies in the factual and procedural background as set forth by the Magistrate Judge. The Court, therefore, adopts the factual and procedural background set forth in the R&R and incorporates it into this Order.

II. **DISCUSSION**

   A. **Standard of Review**

A district court reviews *de novo* any part of the Magistrate Judge's R&R to which a party properly objects. Fed. R. Civ. P. 72(b). Pursuant to Local Rule 72.3(b), written objections must specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health & Human Servs.*, 932 F. 2d 505, 509 (6th Cir. 1991). Here, as explained in greater detail below, Mettenberger raises the same arguments in her objections to the R&R that she offered in her Brief on the Merits (Doc. 11) and her Amended Brief on the Merits (Doc. 14). Mettenberger's objections do not specifically identify portions of the Magistrate Judge's R&R to which objection is made and, therefore, her objections have the same effect as would a

failure to object.

A district court does not review *de novo* the final decision of the Commissioner of Social Security when reviewing claims under the Social Security Act. Rather, a district court is limited in scope to determining whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner employed proper legal criteria in reaching a conclusion. *Garner v. Heckler*, 745 F. 2d 383, 387 (6th Cir. 1984) ("Judicial review of the Secretary's decision is limited in scope to determining whether the findings of fact made by the Secretary are supported by substantial evidence and deciding whether the Secretary employed the proper legal criteria in reaching her conclusion.") (citation omitted); 5 U.S.C. § 706(2)(E); 42 U.S.C. § 405(g).

"Substantial evidence" is evidence that is more than a "mere scintilla" and that a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining whether substantial evidence exists to support the Commissioner's decision, a district court must consider the totality of the record and does not base its decision on a single piece of evidence while disregarding other pertinent evidence. *Hephner v. Mathews*, 574 F. 2d 359, 362 (6th Cir. 1978) ("The determination of whether there is substantial evidence to support the findings of the Secretary depends on the record as a whole. We may not focus and base our decision entirely on a single piece of evidence, and disregard other pertinent evidence."). If the decision of the Commissioner is supported by substantial evidence, it stands even if the reviewing court would have decided it differently. *See Kinsella v. Schweiker*, 708 F. 2d 1058, 1059 (6th Cir. 1983) ("The majority of our panel would not have resolved this conflict as did the ALJ, if we were empowered to find the facts in this case. Our question, however, is whether or not there is substantial evidence to support the adverse decision reached by the Secretary and we find it

impossible on this record to say there is no such evidence.").

B. **The Plaintiff's Brief on the Merits**

At the outset, the Court notes that the Magistrate Judge ordered Plaintiff's counsel to show cause why he should not be held in contempt for filing a Brief on the Merits (Doc. 11) that did not comply with the Court's Order of June 26, 2007 (Doc. 6). Specifically, the Order to Show Cause (Doc. 13) noted that Plaintiff's Brief on the Merits (Doc. 11) did not contain a recitation of facts, did not contain any meaningful argument, and was completely devoid of legal analysis. Plaintiff filed an Amended Brief on the Merits (Doc. 14) on March 10, 2008. The Magistrate Judge dismissed the show cause order after holding a contempt hearing on March 20, 2008. As noted below, the undersigned observes that Plaintiff's counsel's propensity to ignore the briefing requirements in this matter, despite the Magistrate Judge's admonitions, is also apparent in his objections.

The ALJ found that Mettenberger was not disabled because she was able to perform her past work activities and retained Residual Functional Capacity ("RFC") for the full range of medium work through her date last insured. *See* Doc. 18 at 7. Mettenberger raises two challenges to the final decision of the Commissioner of Social Security: (1) the ALJ erred by not adopting the opinion of one of the treating physicians; (2) the ALJ erred by failing to conduct a proper analysis of Mettenberger's Multiple Sclerosis ("MS").

C. **The Magistrate Judge's Report and Recommendation**

Mettenberger's first argument in her merits brief to the Magistrate Judge was that the ALJ

4

erred in determining that Mettenberger was not disabled as defined by the Social Security Act at any time prior to September 30, 1999, her date last insured. Specifically, Mettenberger argued that the ALJ erred by not adopting the opinion of Dr. Kuroc, one of Mettenberger's treating physicians.[1] Dr. Kuroc stated that, "based on a review of records dating back to 1998, it appears that the patient's symptoms that support a disability request pre-date 30 September 1999 in onset. The actual date of onset, cannot be determined by this examiner from the review of the records." *See* Doc 18 at 6. The ALJ agreed with Dr. Kuroc's conclusion that some of Mettenberger's symptoms predated September 30, 1999, her date last insured, but found that "the record does not reflect that the claimant's MS was causing the degree of functional limitation necessary to support a finding of disability" prior to her date last insured. *See* Doc 18 at 9.

In the R&R, the Magistrate Judge found that Mettenberger's claim that the ALJ should have adopted the opinion of Dr. Kuroc was without merit for two reasons: (1) the determination that a claimant is disabled is not a "medical opinion," it is an issue expressly reserved for the ALJ. *See* 20 C.F.R. § 404.1527(e); and (2) the ALJ examined Dr. Kuruc's opinion in light of the available medical data and determined that the opinion was not supported by the evidence in record. In reaching this conclusion, the ALJ relied on medical evidence which showed that Mettenberger was "doing well" in March of 1999, was capable of walking without difficulty in June of 1999, had a normal stress test in July of 1999 and, in September of 2000 (after her date last insured), described her general health as "good" with few ocular complaints. In addition, the

---

[1] Generally, the Court does not reiterate the arguments made to the Magistrate Judge, focusing instead on the Objections to the R&R. Here, however, because the objections to the R&R are merely restatements of the arguments made to the Magistrate Judge, a more detailed recapitulation is necessary.

ALJ relied on the determination by Dr. Malik, one of the physicians who treated Mettenberger's MS, that she had not become disabled until August 2003, four years after her date last insured. Upon review of the record, the Court agrees with the Magistrate Judge's conclusion, and finds that the ALJ's determination is based on substantial evidence.

Mettenberger's second argument is that the ALJ failed to conduct a proper longitudinal analysis of her MS. *See Anderson v. Comm'r of Soc. Sec.*, 440 F. Supp. 2d 696 (E.D. Mich. 2006) (finding that MS requires a longitudinal evaluation because MS waxes and wanes and a person's ability to perform work activity during a period of remission does not establish an ability to engage in substantial gainful activity). The Magistrate Judge determined that *Anderson* is distinguishable from the present case. In *Anderson*, the court reversed the ALJ's decision that the applicant was not disabled at her date last insured and found that the ALJ had improperly focused on a period of remission that came after the applicant's first debilitating episode. *Id.* at 699. In that case, the court determined that the applicant's first debilitating episode occurred prior to her date last insured. *Id.* at 698. Here, however, the record does not reflect that Mettenberger was experiencing a period of remission after a debilitating episode. Instead, there is substantial evidence to support the ALJ's determination that Mettenberger had some limitations prior to her date last insured, but that those limitations did not reach a disabling level of severity at *any* time before her date last insured.[2] *See* Doc. 18 at 10.

Magistrate Judge Vecchiarelli determined that the decision of the Commissioner, denying Mettenberger's claim for benefits, was supported by substantial evidence. After reviewing the

---

[2] As indicated in the Report and Recommendation, a diagnosis of MS alone does not establish that Mettenberger was disabled under the Social Security regulations. *See* Doc 18 at 10.

record, the Court agrees that *Anderson* is distinguishable and, moreover, that the Magistrate Judge's conclusions are correct.

**D.     Mettenberger's Objection to the Report and Recommendation**

In her objections to the R&R, Mettenberger raises the same arguments that she offered in her Brief on the Merits (Doc. 11) and her Amended Brief on the Merits (Doc. 14): (1) the ALJ erred by not adopting the opinion of a treating physician; and (2) the ALJ erred by failing to conduct a proper analysis of Mettenberger's MS. Indeed, the majority of the eight pages of "objections" are cut-and-paste verbatim from Plaintiff's Brief on the Merits (Doc. 11) and Amended Brief on the Merits (Doc. 14). These "Objections" do not satisfy Federal Rule of Civil Procedure 72(b) or Local Rule 72.3(b). "General objections" do not serve the purposes of Federal Rule of Civil Procedure 72(b), which requires the Court to conduct a *de novo* review of the portions of the Magistrate Judge's R&R to which a party objects, and are equivalent to a failure to object. *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio Apr. 7 2006) ("An 'objection' that does nothing more than state a disagreement with a magistrate's recommendation, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context") (citation omitted); *See also Howard v. Sec'y of Health & Human Servs.*, 932 F. 2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). As such, the Court would have been within its discretion to summarily reject Plaintiff's objections. Regardless, as explained above, the Court has reviewed the record and analyzed the determinations found in the Magistrate Judge's R&R *de novo*. Having found

no error in the Magistrate Judge's conclusions, the Court agrees that the Commissioner's final decision, denying benefits to Mettenberger, is supported by substantial evidence.

III. **CONCLUSION**

For the foregoing reasons, the Magistrate Judge's R&R is **ADOPTED**, and the final decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**

<u>s/Kathleen M. O'Malley</u>
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: June 30, 2008**